IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

RAYMOND NOW, )
)
        Plaintiff, )
)
vs. )   Case No. 3:15-CV-05076-ODS-SSA
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
)
        Defendant. )

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for supplemental security income (SSI) benefits under Title XVI. The Commissioner's decision is affirmed.

## I.    STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff Raymond Now was born in 1963 and completed twelfth grade. R. at 40, 41. He previously worked as a hostler and janitor. R. at 58-60. Plaintiff filed for supplemental security income, alleging a disability onset date of September 15, 2009. R. at 44, 281. His claim was denied, and he requested a hearing. A hearing was held in August 2011, and the Administrative Law Judge ("ALJ") issued a decision in March 2012, finding Plaintiff was not disabled. R. 35-65, 129-143.

Plaintiff appealed the ALJ's decision to the Appeals Council, which vacated the ALJ's decision and remanded the matter back to the ALJ. R. at 149-52. The Appeals Council directed the ALJ to obtain evidence from a medical expert to clarify the nature and severity of Plaintiff's physical impairments, give further consideration to Plaintiff's maximum residual functional capacity ("RFC"), and obtain supplemental evidence from a vocational expert ("VE") to clarify the effect of the assessed limitations Plaintiff's occupational base. *Id.* The ALJ held another hearing on September 11, 2013. R. at 67-115. Subsequently, the ALJ issued a decision finding Plaintiff was not disabled. R. at 14-33.

The ALJ determined Plaintiff had the severe impairments of cervical osteoarthritis with bilateral upper extremity radiculopathy, obesity, right knee tenderness secondary to osteoarthritis and mild degenerative joint disease, L4-L5-Sl moderate degenerative disc disease with left lower extremity radiculopathy, irritable bowel syndrome, right carpal tunnel syndrome, obstructive sleep apnea, and chronic obstructive pulmonary disease. R. at 16. The ALJ also concluded Plaintiff suffered from non-severe impairments of hypertension, cardiomyopathy, major depression, generalized anxiety disorder and hepatitis C. R. at 16-19. The ALJ found Plaintiff had the RFC to perform light work as defined in 20 CFR § 416.967(b) except that he cannot push or pull levers with his upper extremities bilaterally; he cannot reach above his shoulders bilaterally; he cannot push or pull levers or foot pedals with his lower extremities bilaterally; bending, twisting, and turning whether seated or standing is limited to occasional; he cannot crawl, kneel, climb stairs, or climb ropes, ladders, or scaffolds; stooping, squatting, and crouching are limited to occasional; handling, fingering, and feeling of small items such as coins or pens is limited to occasional; he cannot use air or vibrating tools; he cannot work in

2

environments containing moving machinery; he cannot work at unprotected heights; he cannot work in environments containing heavy concentrations of dust, smoke, or fumes; and he cannot work in temperature extremes of cold, heat, or high humidity, or out-of-doors. R. at 20. The ALJ found Plaintiff could perform work as a counter clerk, a bakery line worker, or an ironer, notions. R. at 25. Plaintiff's appeal to the Appeals Council was denied. R. at 1-3. Plaintiff now appeals to this Court.

### III.  DISCUSSION
#### A. Severity of Plaintiff's Mental Impairments

Plaintiff first argues the ALJ failed to acknowledge his mental health impairments of "major depression" and "generalized anxiety disorder" as "severe" medical impairments. An impairment is found to be non-severe when medical evidence establishes only a slight abnormality, or a combination of slight abnormalities, which would have no more than a minimal effect on an individual's ability to perform basic work activities. *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citations omitted). "Severity is not an onerous requirement for the plaintiff to meet, but it is also not a toothless standard, and we have upheld on numerous occasions the Commissioner's finding that a plaintiff failed to make this showing." *Id*. at 708 (citations omitted).

The ALJ's written decision explains that, despite Plaintiff's testimony that his psychological symptoms have worsened, the clinical evidence establishes his mental impairments do not have more than a minimal effect on his ability to perform basic mental work activities. R. at 17-19. The ALJ also considered medical opinions submitted by mental-health professionals and explained the rationale for weighing some of those opinions more heavily than others. *Id*. The ALJ noted the opinions of Dr. Jack Greenhall, Dr. Thomas Kuick, and Dr. Brian Petrovich were not consistent with the treatment record nor with their own notes and examinations, so the ALJ refused to give them significant weight. R. at 18-19; *see Cline v. Colvin*, 771 F.3d 1098, 1103 (8th Cir. 2014) (citations omitted). Furthermore, with the exception of taking psychotropic medications, the claimant has received only sporadic treatment from mental health professionals during the relevant period. R. at 17. And as even Plaintiff noted, his recent mental health treatment has proven beneficial. Doc. #14, at 30. Plaintiff has

3

"responded adequately" to his medications and that his "symptoms of depression and anxiety" are under control, and he noted only "mild" limitation in his functioning with regard to setting realistic goals or making plans independently of others. *Id.*; *see Cypress v. Colvin*, 807 F.3d 948, 951 (8th Cir. 2015) (citation omitted).

The ALJ also analyzed whether Plaintiff's mental impairments satisfied the "paragraph B" criteria for mental disorder listing. R. at 19. The ALJ concluded Plaintiff did not meet the paragraph B criteria because he had only a "mild" limitation in the areas of activities of daily living, social functioning, and concentration, persistence, or pace. *Id.* The ALJ noted that Plaintiff has experienced no episodes of decompensation that have been of extended duration. *Id.* Because Plaintiff's medically determinable mental impairments cause no more than "mild" limitation in three of the four functional areas set out in the "paragraph B" criteria and no episodes of decompensation which have been of extended duration in the fourth area, the ALJ properly determined Plaintiff did not have a severe mental impairment. *See Grba-Craghead v. Astrue*, 669 F. Supp. 2d 991, 1005 (E.D. Mo. 2009).

### B. Plaintiff's RFC

Plaintiff argues the ALJ's RFC failed to include additional limitations in mental health impairments. One's RFC is the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ must base the RFC on "all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

Plaintiff argues the ALJ should have included limitations pertaining to his mental impairments of major depression and generalized anxiety disorder in the RFC. As set forth above, the ALJ found that Plaintiff's mental impairments do not have more than a minimal effect on his ability to perform basic mental work activities and are non-severe. R. at 17-19. The overall evidence of the record does not indicate that Plaintiff's mental impairments would result in greater restrictions than those noted in the residual functional capacity. The Court finds the ALJ properly formulated the RFC.

### C. Weight of Opinions

Plaintiff argues the ALJ erred in affording little weight to the opinions of Plaintiff's treating physician, Dr. Daniel Sherwood, and Plaintiff's examining physician, Dr. Duane Cox. It is the function of the ALJ to weigh conflicting evidence and to resolve disagreements among physicians. *See Estes v. Barnhart,* 275 F.3d 722, 725 (8th Cir.2002). A treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. *See e.g., Anderson v. Astrue*, 696 F.3d 790, 793-94 (8th Cir. 2012); *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). In addition, "[a] treating physician's own inconsistency may also undermine his opinion and diminish or eliminate the weight given his opinions," such as when he offers an opinion that is inconsistent with his contemporaneous treatment notes. *Hacker v. Barhart*, 459 F.3d 934, 937 (8th Cir. 2006) (citation omitted). In determining Plaintiff's RFC, the ALJ gave little weight to the opinions of Dr. Sherwood and Dr. Cox. The ALJ explained that both Dr. Sherwood's and Dr. Cox's Medical Source Statements ("MSS") were unsupported by their own treatment notes and the objective test findings of the record. R. 23.

### (1) Dr. Sherwood

Dr. Sherwood opined with little explanation that Plaintiff could stand or walk for a total of two hours per work day for only twenty minutes at a time and could sit for a total of two hours per work day for only twenty minutes at a time; therefore, Plaintiff would be unable to perform even sedentary work. R. at 691-93. However, this opinion is not consistent with the other evidence of the record and Dr. Sherwood's own treatment notes, which reflect few objective abnormalities and his continued recommendations for only conservative treatment. R. at 459, 461-63, 470, 478-80, 578-81, 587-90, 597, 599-600, 607-10, 705, 707, 717, 719-21, 728, 730, 732, 736-37, 739, 741, 746-47, 749-51, 756-57, 759, 761, 763-64, 769, 771-75, 815, 817, 819-20, 826-31, 833, 835, 837, 839-40, 844-45, 847, 849-50, 854, 856-59, 862, 864-67, 873-74, 876, 878-80, 882-83, 956-58, 961, 967, 969-74, 976-77, 982, 984-85, 987, 989, 992, 997, 999-1001, 1003-04, 1138-39, 1141-46, 1155-60, 1161-63, 1168-71, 1173, 1178, 1180-81, 1207-08, 1210-11, 1213, 1217-18, 1220-22, 1224-25, 1227, 1229-30, 1234, 1236-37.

Plaintiff argues in the alternative that, even if Dr. Sherwood's opinion was inconsistent with his treatment notes, the ALJ was required to contact the physician to clarify his opinion. While the regulations provide that the ALJ should recontact a treating physician when the information the physician provides is inadequate for the ALJ to determine whether the applicant is actually disabled, the regulations do not require an ALJ to recontact a treating physician whose opinion was inherently contradictory or unreliable. *Hacker*, 459 F.3d at 938. This is especially true when the ALJ is able to determine from the record whether the applicant is disabled. *Sultan v. Barnhart,* 368 F.3d 857, 863 (8th Cir. 2004). In this case, the issue was not whether the treating physicians' opinions were somehow incomplete. The ALJ found them to be inconsistent with the record and Dr. Sherwood's own treatment notes. The Court finds no error in the ALJ's decision to afford little weight to Dr. Sherwood's opinion and not recontact him under such circumstances.

### (2) Dr. Cox

Dr. Cox's opinion regarding Plaintiff's severe limitations is not consistent with his sole treatment note or the other evidence of record, such as Dr. Miller's opinion. Dr. Cox opined Plaintiff could stand and/or walk for only one hour a day and could sit for only one hour a day. R. at 626-28. Yet, the only treatment record from Dr. Cox, dated the same day as his opinion, reflects a normal physical examination, including a normal gait and station, normal muscle strength and tone, a normal range of motion to the back, neck, and extremities, normal deep tendon reflexes, and normal sensation. R. at 384. In contrast to Plaintiff's single visit to Dr. Cox, Dr. Miller saw Plaintiff on at least thirteen different office visits over an eleven month period. R. at 23. When Plaintiff asked Dr. Miller to provide a statement to his attorney describing "all his present and past chronic conditions that support disability," Dr. Miller stated that he could "find no support for such claims." *Id.* The Court finds no error in the ALJ's decision to afford little weight to Dr. Cox's opinion.

## IV.  CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision, so the denial of benefits is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: June 13, 2016                UNITED STATES DISTRICT COURT